# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL ESPINOSA,

    Plaintiff(s),

v.

CORRECTIONS CORPORATION OF AMERICA,

    Defendant(s).

Case No. 2:19-cv-01617-RFB-NJK

**Order**

[Docket No. 31]

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion for summary judgment. Docket No. 31; *see also* Docket No. 30 (motion for summary judgment). Plaintiff filed a response in opposition. Docket No. 33. Defendant filed a reply. Docket No. 36. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev.

2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

Defendant has not made the strong showing required for a stay of discovery. Most significantly, it is not clear that the timeliness issue raised in the motion for summary judgment is ripe for adjudication at this time given the potential need for discovery as to equitable tolling and the fact that the discovery period remains open to conduct that discovery. *See* Docket No. 34; *see also McGee v. Donahoe*, 2017 WL 4543788, at *1 (D. Nev. Oct. 10, 2017) (Boulware, J.) (addressing need for discovery as to equitable tolling). For the same reason, the Court is also not convinced that Defendant will prevail on the motion for summary judgment.[1]

Accordingly, the motion to stay discovery is **DENIED**.

IT IS SO ORDERED.

Dated: June 30, 2021

                                                                              _____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to compel may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to compel in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to compel and subsequent briefing.