**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL ESPINOSA,<br>    Plaintiff(s),<br>v.<br>CORRECTIONS CORPORATION OF AMERICA,<br>    Defendant(s). | Case No. 2:19-cv-01617-RFB-NJK<br><br>**Order**<br><br>[Docket No. 45] |

Pending before the Court is Defendant's motion to extend the dispositive motion deadline. Docket No. 45.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct during the entirety of the period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citation omitted).[1]

---

[1] The motion's recitation of the standards is inconsistent with governing law. The motion relies on a Ninth Circuit decision applying Rule 6 in the context of a request to extend a briefing schedule. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Defendant extrapolates from that case a standard by which extensions are granted as a matter of course when there is a lack of prejudice or bad faith. *See* Docket No. 45 at 2-3. Defendant's proposed standard is counter to governing Ninth Circuit case law specific to a motion to modify a deadline established by the scheduling order pursuant to Rule 16. *E.g.*, *Johnson*, 975 F.2d at 609. Moreover, the *laissez*

The motion to extend does not establish diligence. Instead, the motion is predicated on the fact that the parties are still engaged in discovery even though the discovery cutoff has expired. *Compare* Docket No. 45 at 2-3 *with* Docket No. 26 at 3 (setting discovery cutoff of July 30, 2021).[2] The motion is particularly problematic in that it would appear that months of discovery remains without any showing that such discovery could not have been completed by the current discovery cutoff. *Compare* Docket No. 45 at 2-3 (indicating that Defendant is still awaiting releases for medical records that it requested on June 30, 2021, and that it will then use to request Plaintiff's medical records) *with* Docket No. 26 at 2 (representing ten months ago that "CoreCivic will need to obtain Plaintiff's institutional and medical records from USMS and BOP. In CoreCivic's experience, it usually takes 90-120 days to receive USMS records once a signed release has been obtained from Plaintiff and the request submitted to USMS; BOP records usually take 120-180 days to receive"). The motion then seeks an extension of the dispositive motion deadline because the parties have not completed the discovery identified.[3] What is missing from the motion is

---

*faire* attitude expressed in the motion is inconsistent with decades of authority that deadlines in a scheduling order must be taken seriously by litigants. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one"); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines"); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("We have held that Federal Rule of Civil Procedure 16 is to be taken seriously"); *Johnson*, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier" (internal citation and quotations omitted)).

[2] The Court expects counsel to try to work through discovery disputes cooperatively. Nonetheless, the parties are not permitted to grant one another extensions to continue discovery after the court-established cutoff. Fed. R. Civ. P. 29(b) ("a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery").

[3] The motion indicates that there is no need to reopen discovery and that such relief is not being sought. Docket No. 45 at 3 n.4. This assertion is puzzling given that the medical releases are being sought for the purpose of requesting Plaintiff's medical records from nonparties. Docket No. 45 at 3. Defendant fails to explain how such nonparty discovery would be appropriate given that the discovery period has closed. *Cf. Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D.

meaningful discussion as to why the discovery identified could not have been completed had the parties been diligent in the ten months since discovery should have been ongoing. *See* Docket No. 26 (scheduling order issued October 30, 2020).[4]

In short, the instant motion fails to explain why the current dispositive motion deadline could not reasonably have been met through diligence. In the particular context of this case given that the request to extend is predicated on outstanding discovery, the motion does not explain why that discovery could not have been completed by the cutoff through the exercise of reasonable diligence throughout the discovery period.

Accordingly, the motion to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: August 23, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case").

[4] Despite being predicated on the need to finish discovery, the motion to extend does not specify all of the discovery conducted to date and all of the discovery that remains. *See* Local Rule 26-3(a)-(b). Any renewed motion must provide this information with particularity.